DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| David White, et al., ) | |
| ) | CASE NO. 5:09 CV 2193 |
| Plaintiffs, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION and ORDER |
| ) | |
| Akron Beacon Journal Publishing Company, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiffs have moved the Court to file an amended complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. ECF 51. The proposed first amended complaint is attached to plaintiffs' motion at ECF 51-2. In amending their complaint, plaintiffs primarily seek to add: 1) plaintiffs whose claims are similar to current representative plaintiffs; 2) the Akron Beacon Journal Retiree Welfare Benefit Plan as a defendant; 3) Sound Publishing, Inc. and Black Press, Ltd. as defendants; and 4) defendants John/Jane Does who participated in the breaches and/or violations alleged in the complaint. ECF 51-1.

Defendants do not object to plaintiffs' motion to amend the complaint insofar as they seek to add additional plaintiffs and the Akron Beacon Journal Retiree Welfare Benefit Plan as a defendant. *See* ECF 54. However, defendants do object to the addition of Sound Publishing, Inc. and Black Press, Ltd. as defendants.

The basis for defendants objection to the addition of Sound Publishing and Black Press as as defendants is that neither of these two entities are parties to the collective bargaining agreements at issue in this case and because plaintiffs fail to allege facts sufficient to state a

(5:09 CV 2193)

claim for relief against either entity. Citing *Ashcroft v. Iqbal*[1] and *Bell Atlantic Corp. v. Twombly*,[2] defendants argue that plaintiffs' proposed amended complaint against Sound Publishing and Black Press do not contain sufficient factual matter which, if accepted as true, state a claim for relief that is plausible on its face. Defendants reason that because plaintiffs' proposed amended complaint contains only conclusory allegations that are insufficient to state a claim under *Ashcroft* and *Twombley*, plaintiffs' motion to amend their complaint as to Sound Publishing and Black Press should be denied as futile. *See* ECF 54. Plaintiffs' have replied that it is premature and improper to apply the *Ashcroft* and *Twombley* standards for a motion to dismiss to a motion to amend under Rule 15, and that defendants do not have standing to object to plaintiffs' motion to join additional defendants. ECF 62.

### A. Rule 15(a)

Rule 15(a)(2) provides that motions for leave to amend should be freely given when justice so requires. The parties' disagreement regarding the factual allegations related to the role Sound Publishing and Black Press may have played in the breaches and/or violates alleged in plaintiffs' proposed amended complaint are not properly decided in the context of a Rule 15 motion. Further, there is no basis for the Court to conclude that defendants would be prejudiced by the addition of Sound Publishing and Black Press as defendants in this case.

---

[1] 129 S.Ct. 1937 (2009).

[2] 550. U.S. 544 (2007).

2

(5:09 CV 2193)

### B. Conclusion

For the reasons discussed above, plaintiffs' motion to file an amended complaint (ECF 51) is GRANTED. The proposed amended complaint attached to plaintiffs' motion will not automatically be filed by the Clerk. Plaintiffs are responsible for separately filing a clean copy of the amended complaint.

Defendants' motion for partial judgment on the pleadings (ECF 27) is denied without prejudice as moot.

IT IS SO ORDERED.

| | |
|---|---|
| February 1, 2010 | *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |